UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  | : |  |
|---|---|---|
| STACY L. GULICK, | : | CIVIL ACTION NO. 06-4069 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| FERREIRA CONSTRUCTION CO., | : |  |
| INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**THE COURT** having ordered, <u>inter alia</u>, the defendants to show
cause why the action should not be remanded to state court on the
ground that the claims are not completely pre-empted by either
the National Labor Relations Act ("NLRA") or the Labor Management
Relations Act ("LMRA") (dkt. entry no. 10, Order & Order to Show
Cause ("OTSC")); and the plaintiff, Stacy L. Gulick, bringing a
state-court action against her former employer, the defendant
Ferreira Construction Co., Inc. ("FCCI"), and her union, the
defendant International Union of Operating Engineers Local 825
("Union"), to recover damages for violations of the New Jersey
Law Against Discrimination ("NJLAD"); and Gulick asserting the
first and second counts against FCCI, and the third count against
the Union (Compl.); and Gulick alleging in the third count that
she complained to the Union when FCCI fired her,

> though according to union agreements, including Agreement
> by and between [the Union] and [FCCI], she should have
> been given a priority to return given prior employment
> with [FCCI] and having veteran status and wasn't, and
> [the Union] told her [it] had spoken with [FCCI] and
> that [FCCI] had not called anyone back or hired anyone

new, which both [the Union] and Plaintiff Gulick knew
was not true.  [The Union] had an obligation to return
Plaintiff Gulick to work and instead aided and abeitted
[sic] the discriminatory termination and/or refusal to
hire Plaintiff Gulick by [FCCI] in violation of [NJLAD]

(id. at 8); and

> **THE DEFENDANTS** removing the action on the following ground:
>
> According to the Complaint, Third Count, this is a
> hybrid civil action brought for an alleged breach of the
> collective bargaining agreement ["CBA"] between [the
> Union] and [FCCI], and . . . against [the Union] for a
> violation of its duty of fair representation.  Further,
> the Complaint alleges violations of provisions of the
> [CBA], its operation, and thereby its interpretation and
> application. . . . [Gulick's] claims of breach of the
> [CBA] and violation of the duty of fair representation
> are claims for which jurisdiction is established by
> [Section 301 of the LMRA,] 29 U.S.C. § 185(a).  Inasmuch
> as [Gulick's] claims under her Third Count (asserting
> claims arising under and completely preempted by § 301
> of the LMRA) arise under the laws of the United States,
> this Court has original jurisdiction over this action
> pursuant to 28 U.S.C. § 1331, Section 301(a) of the
> LMRA, 29 U.S.C. § 185(a)

(Rmv. Not., at 2); and the Union asserting in a separate filing

that the third count "is preempted by [both] the [NLRA], 29 U.S.C.

§ 151, et seq. and Section 301 of the [LMRA]" (dkt. entry no. 9,

Union Br., at 1); and the Union asserting further that (1)

"[p]reemption requires that state laws yield to federal law when

it is clear that the activities which the state purports to

regulate are protected by § 7 of the NLRA, or constitute an

unfair labor practice under § 8 of that Act", and citing San

Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959), and

(2) "NLRA preempts all state law claims which depend upon the meaning of collective bargaining agreements", and citing <u>Lingle v. Norge Division of Magic Chef</u>, 486 U.S. 399 (1988) (Union Br., at 10-11); but

**IT APPEARING** that under the well-pleaded complaint rule, a party bringing a claim is "the master of the claim," <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987); and it appearing that where a complaint asserts only a cause of action under state law, the possibility that issues of federal law may be involved will not suffice to create federal jurisdiction, <u>Fran. Tax Bd. v. Constr. Lab. Vac. Tr.</u>, 463 U.S. 1, 9-12 (1983); and the complete-preemption doctrine being an exception to the well-pleaded complaint rule, wherein:

> the pre-emptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. . . .  Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law

<u>Caterpillar</u>, 482 U.S. at 393 (quotes and cites omitted); but

**IT APPEARING** that a state-law claim is not completely pre-empted by the LMRA if it requires no interpretation of a CBA, even if reference to the CBA may be made, <u>Lingle</u>, 486 U.S. at 407-13; and it appearing that as to NJLAD claims, a CBA "is neither the source of the plaintiff's claim, nor a document that

needs to be consulted to resolve plaintiff's cause of action," <u>Kube v. New Penn Motor Express</u>, 865 F.Supp. 221, 228 (D.N.J. 1994), because "both the existence and the scope of plaintiff's state law discrimination claims under the NJLAD are derived independently from state law, and not from the obligations assumed by the parties under [a CBA]," <u>Carrington v. RCA Global Commc'ns</u>, 762 F.Supp. 632, 641 (D.N.J. 1991); and

**IT APPEARING** that this action is not completely pre-empted by the LMRA because Gulick seeks damages under NJLAD only, <u>Mitchell v. Vill. Super Mkt.</u>, 926 F.Supp. 476, 478-80 (D.N.J. 1996) (granting motion to remand in NJLAD action brought against employer and union, and rejecting argument that implicit to allegations is that union breached duty to plaintiff under CBA), <u>Carrington</u>, 762 F.Supp. at 640-42, 646 (remanding NJLAD claim brought against employer and union), <u>see</u> <u>Patterson v. Exxon Mobil Corp.</u>, 262 F.Supp.2d 453, 464-66 (D.N.J. 2003) (granting motion to remand in NJLAD action), <u>Naples v. N.J. Sports & Expos. Auth.</u>, 102 F.Supp.2d 550, 552-55 (D.N.J. 2000) (same), <u>Kube</u>, 865 F.Supp. at 228-30 (remanding NJLAD action); and

**IT APPEARING** further that <u>Garmon</u> preemption does not give rise to complete preemption, <u>see</u> <u>Caterpillar</u>, 482 U.S. at 392-93 (distinguishing — in case involving LMRA — preemption defense to state-law claim from complete preemption as basis for Section 1331 jurisdiction); and it appearing that "[Sections] 7 and 8 of the

4

NLRA . . . do not completely preempt state law and thus provide
no basis for removal jurisdiction," Briones v. Bon Secours Health
Sys., 69 Fed.Appx. 530, 534-35 (3d Cir. 2003) (cite and quotes
omitted); and it appearing that even though the defendants may
have available a Garmon "preemption defense" to the plaintiff's
allegations on remand to state court, "[s]uch preemption . . . is
not the type of complete preemption that would provide [a
defendant] with a basis for federal question jurisdiction," Kline
v. Sec. Guards, Inc., 386 F.3d 246, 262-63 (3d Cir. 2004)
(emphasis in original); and it appearing that the proper course,
when an action is improperly removed under Sections 7 or 8 of the
NLRA, is to remand it and permit the state court to determine if
the claim therein is within the exclusive jurisdiction of the
National Labor Relations Board, see Ethridge v. Harbor House
Rest., 861 F.2d 1389, 1397-1401 (9th Cir. 1988) (discussing
impact of Garmon), cited with approval in Briones, 69 Fed.Appx.
at 535, and Kline, 386 F.3d at 263; and

    **THE COURT** being authorized to examine jurisdiction and
remand the action sua sponte, see 28 U.S.C. § 1447(c); and the
defendants bearing the burden of demonstrating jurisdiction, see
28 U.S.C. § 1446(a); and the Court thus having advised the
defendants of the intention to remand the action unless they
demonstrated that Gulick's allegations are completely pre-empted
by either the NLRA or the LMRA (OTSC, at 5-7); and

**THE DEFENDANTS**, in response, arguing that the plaintiff's claims are completely preempted by the LMRA because they will require interpretation of the CBA (see dkt. entry nos. 11, 12, 14, 16, Defs. Resps.); and the defendants not addressing preemption by the NLRA; and Gulick, in response, asserting that her NJLAD claim "never involved the filing of a grievance nor any claim that the failure to do so was a violation of [the Union's] duty of fair representation," and is "entirely based on State law" (dkt. entry no. 13, 2-9-07 Pl. Resp., at 2-3); and the Court, upon careful review, finding the defendants' responses to be without merit; and thus the Court intending to (1) grant the order to show cause, (2) remand the action, and (3) close the action; and for good cause appearing, the Court will issue an appropriate order and judgment.[1]

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[1] The Union's reliance on <u>Christie v. Public Service Electric & Gas Co.</u>, No. 04-5978, 2006 WL 462588, at *3-*6 (D.N.J. Feb. 24, 2006), wherein a motion to remand was denied, is misplaced. (See dkt. entry no. 12, 1-31-07 Union Resp., at 8-9; dkt. entry no. 14, 2-16-07 Union Resp., at 2.) The <u>Christie</u> plaintiff sought to recover damages for the alleged harm caused by a defendant union for breaching its constitution, bylaws, and contract by "failing to prosecute [his] discharge to arbitration." (See No. 04-5978 (HAA), dkt. entry no. 1, Compl., at ¶¶ 27 & 29.) Here, Gulick merely seeks damages for the Union's alleged violations of NJLAD. To the extent that <u>Christie</u> can be read to be contrary to the Court's determination here, the Court declines to follow it.